**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

| | | |
|---|---|---|
| **LISA BELCHER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY *f/k/a* LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**<br><br>**Defendant.** | ) | **CIVIL ACTION NO. 7:25CV00081** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant The Lincoln National Life Insurance Company *f/k/a* Lincoln Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Lisa Belcher, and Lincoln files a counterclaim through its undersigned counsel and alleges as follows:

## JURISDICTION AND VENUE

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. To the extent that the allegations contained in Paragraph 1 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln admits that it issued Group Disability Income Policy No. GF3-860-066619-01 (the "Policy") to Toyota Motor Engineering & Manufacturing North America, Inc.

("Toyota"), which, at certain times, insured long-term disability ("LTD") benefits from the Toyota Motor Engineering & Manufacturing North America, Inc. Long Term Disability Plan (the "Plan") sponsored by Toyota, and that, at certain times, Lincoln was the claims administrator for claims for LTD benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff's claims are governed by ERISA and that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy that was assigned claim number 13332203. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the allegations contained in Paragraph 3 of the Complaint.

## RELEVANT PARTIES

4. Lincoln admits Plaintiff was, at certain times, employed by Toyota. To the extent that the allegations contained in Paragraph 4 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln admits Plaintiff's last day of work at Toyota was May 5, 2022. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that, at certain times, Toyota sponsored and was the Plan Administrator of the Plan, which provided certain benefits to participating, eligible employees of

Toyota. To the extent that the allegations contained in Paragraph 5 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that it issued the Policy to Toyota, which, at certain times, insured LTD benefits from the Plan sponsored by Toyota. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. To the extent that the allegations contained in Paragraph 6 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that the Plan is an employee benefit plan as defined by ERISA and is governed by ERISA. Lincoln admits Plaintiff was, at certain times, an employee of Toyota and that Toyota sponsored the Plan to provide long term disability benefits to certain employees of Toyota, of which Plaintiff was, at certain times, a participant. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that the allegations contained in Paragraph 10 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

**STATEMENT OF FACTS**

12. Lincoln incorporates its responses contained in Paragraphs 1 through 11 as if fully stated herein.

13. Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits Plaintiff was, at certain times, employed by Toyota as Production Team Leader. Lincoln admits that documentation concerning Plaintiff's wages at Toyota are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at Toyota was May 5, 2022. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Toyota Motor Engineering & Manufacturing North America, Inc. Short Term Disability Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan under the Policy. Lincoln admits it sent letters to Plaintiff dated December 20, 2022, and April 28, 2023, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that it received a letter dated February 9, 2023, from Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it sent a letter to Plaintiff's counsel dated February 11, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it received a letter from Plaintiff's counsel dated August 13, 2025, appealing Lincoln's termination of benefits, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated October 10, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits the allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the documents governing the Policy as the best evidence of their contents. To the extent that the allegations contained in Paragraph 23 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

## CAUSES OF ACTION

### COUNT I -- ERISA/Statutory Claims

29. Lincoln incorporates its responses contained in Paragraphs 1 through 28 as if fully stated herein.

30. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. To the extent that the Complaint seeks damages beyond those permitted by ERISA or asserts claims for equitable relief, the Complaint fails to state a claim upon which relief may be granted as a matter of law as such damages and claims are barred by virtue of Plaintiff's claim for recovery of benefits under Section 501(a)(1)(B) of ERISA.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

**COUNTERCLAIM**

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust

and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 15th day of January 2026.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Pending)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

K. Cody Allison, Esq.
cody@codyallison.com

January 15, 2026 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers